UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID N. OSOLINSKI,<br><br>                Plaintiff,<br><br>        v.<br><br>STEVE ABRAMS, et al.,<br><br>                Defendants. | Case No.: 1:15-cv-00901-DAD-SAB (PC)<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF ACTION FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF<br><br>[ECF No. 1] |

Plaintiff David N. Osolinski is a civil detainee proceeding in this civil rights action pursuant to 42 U.S.C. § 1983.

**I.**

**SCREENING REQUIREMENT**

The in forma pauperis statutes provides that "the court shall dismiss the case at any time if the court determines that … the action or appeal … fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).  A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief…." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Walmart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal

quotation marks and citation omitted).  While factual allegations are accepted as true, legal conclusions are not.  Iqbal, 556 U.S. at 678.

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights.  Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  This requires the presentation of factual allegations sufficient to state a plausible claim for relief.  Iqbal, 556 U.S. at 678-679; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The mere possibility of misconduct falls short of meeting this plausibility standard.  Id.

## II.

## COMPLAINT ALLEGATIONS

Plaintiff, a civil detainee in the custody of the California Department of State Hospitals at Coalinga, brings this action against parole officials, Jeffrey Beard (Secretary of the California Department of Corrections and Rehabilitation), and Pamela Ahlin (Director of California Department of State Hospitals).

Long before Plaintiff's current commitment, he was a prisoner of the State of California and was housed at the California Medical Facility (CMF) in Vacaville.  Plaintiff was scheduled to parole sometime in March 2000.  Plaintiff agreed to several special conditions of parole upon his release.  Plaintiff received instructions to report to his parole agent, Defendant Steve Abrahams, once he was paroled from prison to the care and custody of his wife and son.  However, instead of being paroled, and without any new criminal charges, Plaintiff was transferred from CMF to Santa Rosa County Jail.

Upon arrival at the Santa Rosa County Jail, Plaintiff was informed by the booking officer that he was not being charged with a new criminal offense but was being held as a civil detainee.  Plaintiff was given a single room in the jail's mental health unit.  Plaintiff was visited by a deputy public defender no more than twice during his entire stay at the jail.  At no time, did a deputy public defender advise Plaintiff that he was being held as a civil detainee or why he was being held in the jail.

Plaintiff was never informed that his parole term was violated or that he was being returned to custody.  As a result, Plaintiff contends that his due process rights were violated.

///

///

# III.

# DISCUSSION

### A.     Civil Commitment Challenge

"[C]ivil commitment for any purpose constitutes a significant deprivation of liberty that requires due process protection." Addington v. Texas, 441 U.S. 418, 425 (1979). "[I]n certain narrow circumstances," states may "provide for the forcible civil detainment of people who are unable to control their behavior and who thereby pose a danger to the public health and safety." Kansas v. Hendricks, 521 U.S. 346, 357 (1997). Statutes providing for involuntary civil commitment have been "consistently upheld … provided the confinement takes pursuant to the proper procedures and evidentiary standards." Id.

First, the California Department of Corrections and Rehabilitation (CDCR) and Board of Parole Hearings (BPH) screens inmates who may be sexually violent predators at least six months prior to their scheduled release dates. Cal. Welf. & Inst. Code § 6601(c). The screening is conducted in accordance with a structured screening instrument developed by the Department of State Hospitals (DSH). Cal. Welf. & Inst. Code § 6601(b). If CDCR and BPH determine that an individual "is likely to be a sexually violent predator," CDCR refers the individual to the DSH for a full evaluation. Id.

After evaluation at the DSH, and agreement by the county, a petition for commitment is filed in the appropriate superior court. Cal. Welf. & Inst. Code § 6601(c)-(i). The petition is initially reviewed by the superior court judge, then a probable cause hearing is conducted, and if cause is found a trial is conducted. Cal. Welf. & Inst. Code §§ 6601(i), 6601.5, 6602(a). If no probable cause is found, the petition is dismissed. Id.

At trial, the individual is entitled to the assistance of counsel, to retain experts or other professionals to perform appropriate evaluations, and access all relevant information and records. Cal. Welf. & Inst. Code § 6603(a). If the individual is committed, he/she is entitled to annual reevaluation. Cal. Welf. & Inst. Code § 6604.9(a), and if the individual is determined to no longer be a sexually violent predator, judicial review is sought or a petition for conditional release may be filed. Cal. Welf. & Inst. Code §§ 6605(c), 6604.9(d), 6608(a). If probable cause is found to believe the committed

person is no longer a danger to the health and safety of others, a hearing is conducted with the same constitutional protections afforded at the initial trial. Cal. Welf. & Inst. Code § 6605(a)(3).

Individuals detained pursuant to California Welfare and Institutions Code § 6600 et seq. are civil detainees and are not prisoners within the meaning of the Prison Litigation Reform Act. Page v. Torrey, 201 F.3d 1136, 1140 (9th Cir. 2000). Thus, civil detention under California Welfare and Institution Code sections 6600, et seq. is separate and distinct from any release and/or terms of parole. See, e.g., Troville v. Venz, 303 F.3d 1256, 1260 (11th Cir. 2002) ("[a] civil detainee simply does not fall under § 1915's definition of 'prisoner, by which the statute means persons incarcerated for 'violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program.' 42 U.S.C. § 1915(h).") Consequently, civil detention is by definition non-punitive and is not based on a violation of parole or any other criminal law. Accordingly, the fact that Plaintiff did not violate any conditions of parole or commit a new criminal offense prior to his current civil commitment does not give rise to a due process violation.

Further, the exclusive method for challenging the fact or duration of an inmate's confinement is by filing a petition for writ of habeas corpus. Wilkinson v. Dotson, 544 U.S. 74, 78 (2005); see also 28 U.S.C. § 2254(a). A challenge to the fact or duration of confinement may not be brought by way of a complaint pursuant to 42 U.S.C. § 1983. Nor may Plaintiff seek to invalidate the fact or duration of his confinement indirectly by way of a judicial determination that necessarily implies the unlawfulness of the state's custody. Wilkinson, 544 U.S. at 81. Accordingly, "a state prisoner's [section] 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – if success in that action would necessarily demonstrate the invalidity of confinement or its duration." Wilkinson, 544 U.S. at 81-82; see also Edwards v. Balisok, 520 U.S. 641, 644-646 (1997) (holding that claims alleging procedural defects and bias by a hearing officer at disciplinary hearing were not cognizable under Heck, because they implied the invalidity of a credit forfeiture imposed at the hearing).

Plaintiff's claim that his due process rights were violated is barred because such claim implicates the validity of his confinement. See Huftile v. MiccoFonseca, 410 F.3d 1136, 1141 (9th

4

1  Cir. 2005) (concluding that challenge to Sexually Violent Predators Act assessments would imply
2  invalidity of civil commitment and therefore could only be brought in habeas corpus).  Thus, until
3  Plaintiff's civil detention has been "reversed on direct appeal, expunged by executive order, declared
4  invalid by a state tribunal authorized to make such determination, or called into question by a federal
5  court's issuance of a writ of habeas corpus," Plaintiff is barred from brining his claims under section
6  1983.  Heck, 512 U.S. at 487.

7  Because Plaintiff cannot cure this deficiency, the Court will recommend dismissal of the action
8  without leave to amend.  See Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2007) (recognizing
9  longstanding rule that leave to amend should be granted even if no request to amend was made unless
10 the court determines that the pleading could not possibly be cured by the allegations of other facts);
11 Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) (pro se litigant must be given leave to amend his
12 or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured
13 by amendment).

### III.
### RECOMMENDATION

16 Based on the foregoing, it is HEREBY RECOMMENDED that the instant action be dismissed,
17 without leave to amend, for failure to state a cognizable claim for relief.

18 This Findings and Recommendation will be submitted to the United States District Judge
19 assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days**
20 after being served with this Findings and Recommendation, Plaintiff may file written objections with
21 the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and
22 Recommendation."  Plaintiff is advised that failure to file objections within the specified time may
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

result in the waiver of rights on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 838-839 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **January 29, 2016**

UNITED STATES MAGISTRATE JUDGE